UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENNIE AND GLORIA TAYLOR,** | : |
| **Plaintiffs,** | : |
| v. | : |
| **DELTA FUNDING CORPORATION and SOVEREIGN AGENCY, INC.,** | : |
| **Defendant.** | : |

## NOTICE OF REMOVAL

Defendant Delta Funding Corporation, by its undersigned attorneys, hereby provides Notice pursuant to 28 U.S.C. §1446 of its removal of the above-captioned case from the Court of Common Pleas for Philadelphia County to the United States District Court for the Eastern District of Pennsylvania. Removal is proper for the following reasons:

1. This action was commenced by plaintiffs in the Court of Common Pleas for Philadelphia County. Plaintiffs' complaint was filed on June 26, 2002. The case is docketed as August Term 2001, No. 1417. (A copy of plaintiffs' complaint is attached hereto Exhibit "A.") Removal to the U.S. District Court for the Eastern District of Pennsylvania is proper because this is the district and division which embraces the county in which the state action is proceeding.

2. The Complaint asserts claims that arises under the laws of the United States and is therefore subject to removal under 28 U.S.C. §§1331 and 1441.

PHL_A #1643532 v1

**Federal Question**

3. The gravamen of plaintiff's complaint is that Delta allegedly failed to provide plaintiffs with disclosures required by the Truth in Lending Act ("TILA").

4. Based on these allegations, plaintiff asserts that Delta violated TILA, 15 U.S.C. §1601, et seq., the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §1639(a), the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691 et seq., Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and committed the common law tort of fraud.

5. Any cause of action which asserts a claim arising under the laws of the United States is removable without regard to the citizenship or residence of the parties. 28 U.S.C. §1441(b). A cause of action arises under the laws of the United States if the complaint raises a federal issue. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983).

6. Here, it is clear that one of plaintiff's claims arises under the laws of the United States, as he is seeking redress under TILA, HOEPA and the ECOA, all of which are Acts enacted by the Congress of the United States.

7. This Court has supplemental jurisdiction over all other claims asserted by Plaintiff in accordance with 28 U.S.C. §§1367(a) and 1441(c).

**General Averments Supporting Removability**

8. This suit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

9. Delta was served with the plaintiffs' complaint on June 26, 2002. No other defendant has been served.

10. Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty days after service of process of the complaint upon the only served defendant.

11. Delta has heretofore sought no similar relief.

12. The prerequisites for removal pursuant to 28 U.S.C. §1441 have been met.

13. If any question arises as to the propriety of the removal of this action, Delta respectfully requests the opportunity to present a brief and oral argument in support of its position that this civil action is removable.

WHEREFORE, Defendant Delta Funding Corporation respectfully serves notice that the above-referenced civil action is removed to this Court.

DATED: December 12, 2002

Respectfully submitted,

_____
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
BY: John K. Semler, Jr.
Identification No. 66164
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 864-8121

Attorneys for Delta Funding Corporation

## CERTIFICATE OF SERVICE

I, John K. Semler, Jr., hereby certify that true and correct copies of the foregoing Notice of Removal was served on this date by hand delivery on the following persons:

> Robert Montgomery, Esquire
> 230 South Broad Street, Suite 1302
> Philadelphia, PA  19102

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　John K. Semler, Jr.

Dated:  July 10, 2002