UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENNIE AND GLORIA TAYLOR,** : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION NO. 02-CV-4574 |
| v. : | |
| : | |
| **DELTA FUNDING CORPORATION** : | |
| **and SOVEREIGN AGENCY, INC.,** : | |
| : | |
| Defendant. : | |
| : | |

# ORDER

AND NOW, this ____ day of _____, 2002, upon consideration of defendant Delta Funding Corporation's motion to dismiss plaintiffs' complaint and compel arbitration, and plaintiffs' opposition thereto, if any, it is hereby

ORDERED that the Motion is granted and plaintiff s complaint is hereby dismissed with prejudice; and it is

FURTHER ORDERED that plaintiffs' claims shall be submitted to binding arbitration in accordance with the Arbitration Agreements entered into by plaintiffs on June 3, 1999 and August 15, 2000.

_____, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENNIE AND GLORIA TAYLOR,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 02-CV-4574 |
| v. | : | |
| | : | |
| **DELTA FUNDING CORPORATION** | : | |
| and **SOVEREIGN AGENCY, INC.,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

### DELTA FUNDING CORPORATION'S MOTION FOR AN
### ORDER DISMISSING THIS ACTION AND COMPELLING ARBITRATION

TO:     Robert Montgomery, Esquire
           230 South Broad Street, Suite 1302
           Philadelphia, PA 19102

           Sovereign Agency
           1950 Street Road, Suite 317
           Bensalem, PA 19020

Defendant Delta Funding Corporation ("Delta"), by its undersigned counsel, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., respectfully moves this Honorable Court for an Order (a) dismissing the instant judicial proceedings and (b) directing plaintiffs to arbitrate their claims in accordance with the Arbitration Agreements which plaintiffs entered into.

In support of this Motion, Delta incorporates herein by reference the attached Memorandum of Law.

2

WHEREFORE, Delta Funding Corporation prays for entry of an Order (a) dismissing these judicial proceedings and (b) directing plaintiffs to arbitrate their claims in accordance with the Arbitration Agreements.

Respectfully submitted,

BALLARD SPAHR ANDREWS & INGERSOLL, LLP


By: _____
   John K. Semler, Jr.
   1735 Market Street
   Philadelphia, PA  19103-7599
   215-864-8121
   215-864-9283 (Fax)

Dated: July 19, 2002

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENNIE AND GLORIA TAYLOR,** :<br>:<br>**Plaintiffs,** :<br>:<br>v. :<br>:<br>**DELTA FUNDING CORPORATION** :<br>**and SOVEREIGN AGENCY, INC.,** :<br>:<br>**Defendant.** :<br>: | CIVIL ACTION NO. 02-CV-4574 |

### MEMORANDUM OF LAW IN SUPPORT OF DELTA FUNDING CORPORATION'S MOTION FOR AN ORDER DISMISSING THIS ACTION AND COMPELLING ARBITRATION

Defendant Delta Funding Corporation ("Delta") respectfully submits this memorandum in support of its motion for an order dismissing this action and compelling arbitration pursuant to the arbitration provision contained in Arbitration Agreements executed by plaintiffs.

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

In their complaint, plaintiffs allege, inter alia, that, in connection with two loans made by Delta to plaintiffs, Delta failed to timely provide plaintiffs with disclosures required by the Home Ownership and Equity Protection Act ("HOEPA") and failed to provide plaintiffs with accurate disclosures required by the Truth in Lending Act ("TILA"). Based on these allegations, plaintiffs assert claims against Delta for purported violations of HOEPA (Count I), TILA (Count II), the Equal Credit Opportunity Act ("ECOA") (Count III), and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count IV), as well as a purported violation of the common law principle

of fraud (Count V). However, Delta's right to compel arbitration of each of these claims could not be any clearer or certain.

On June 3, 1999, plaintiffs entered into a loan agreement with Delta in which Delta loaned plaintiffs $16,250. (Complaint, ¶5.) In connection with the loan agreement, plaintiffs executed an Arbitration Agreement in which they agreed to arbitrate "any claim, dispute or controversy between [plaintiffs] and [Delta or any mortgage broker which provided a service in connection with the loan][1] arising from or relating to the [loan] or the relationships resulting from the [loan], including the validity, enforceability or scope of this Agreement, or the [loan]." (June 3, 1999 Arbitration Agreement, at definition of "Claim;" a copy of the June 3, 1999 Arbitration Agreement is attached hereto as Exhibit "A.")

Subsequently, on August 15, 2000, plaintiffs entered into a second loan agreement with Delta in which Delta loaned plaintiffs $30,000. (Complaint, ¶14.) As with the first loan agreement, in connection with the August 15, 2000 loan, plaintiffs entered into an Arbitration Agreement in which they agreed to arbitrate the claims they have asserted in this lawsuit. (A copy of the August 15, 2000 Arbitration Agreement, which is identical to the June 3, 1999 Arbitration Agreement, is attached hereto as Exhibit "B.")

---

[1] The Arbitration Agreements state that any claims plaintiffs assert against "us" must be arbitrated. The term "us" includes "any third party ... providing any product or service in connection with the [loan] (including but not limited to ... mortgage brokers)...." Accordingly, plaintiffs claims asserted against co-defendants in this matter should referred to mandatory arbitration.

Insofar as both Arbitration Agreements entered into by plaintiffs compel them to arbitrate the claims they have asserted in this lawsuit, plaintiffs' complaint should be dismissed and plaintiffs' claims should be referred to arbitration.

## II.    ARGUMENT

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq., provides that a written arbitration provision contained in a "contract evidencing a transaction involving commerce ... shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA embodies a strong federal policy favoring arbitration. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24, 74 L Ed 2d 765, 785, 103 S. Ct. 927 (1983); Prima Paint Corp, v. Flood & Conklin Mfg., Co., 3 88 U.S. 395, 404, 18 L Ed 2d 1670, 1277, 87 S. Ct 1801 (1967). Congress enacted the FAA to place arbitration agreements on the same footing as other contracts and to spare parties the expense and delay of litigation where they have provided for the more efficient process of arbitration. Shearson/American Express, Inc, v. McMahon, 482 U.S. 220, 225-26, 96 L Ed 2d 185, 107 S. Ct. 2332 (1987). Any doubts concerning the scope of arbitrable issues must be resolved in favor of arbitration. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25 (I 983); Zolezzi v. Dean Witter Reynolds, Inc., 789 F.2d 1447, 1449 (9th Cir. 1986); Kidd v. Equitable Life Assurance Society of the United States, 32 F.3d 516, 519 (11th Cir. 1994).

This case should be stayed and referred to arbitration because (i) the transaction between plaintiffs and Delta involves interstate commerce and (ii) the claims at issue are referable to arbitration pursuant to a written agreement.

### 1.    The Transaction Involves Interstate Commerce

The FAA makes enforceable a written arbitration provision in "a contract evidencing a transaction <u>involving commerce</u>." 9 U.S.C. § 2 (emphasis added).  <u>Baymar v. Smith, Barney, Harris, Upham and Co., Inc.</u>, 784 F.2d 1023, 1025 (9th Cir. 1986).  <u>See also Allied-Bruce Terminix Cos., Inc. v. Dobson</u>, 115 S. Ct. 834 (1995).  To "involve commerce," a contract need only have the slightest nexus with interstate commerce.

In the present case, Delta is a New York corporation while plaintiffs are residents of Pennsylvania.  Indeed, the extension of credit made by Delta was made from outside Pennsylvania.  Therefore, the transaction indisputably was one "involving commerce" within the meaning of the FAA.

### 2.     <u>The Claims Are Referable to Arbitration</u>

Pursuant to Section 3 of the FAA, 9 U.S.C. § 3, the court, upon being satisfied that the issue involved in a judicial suit or proceeding is referable to arbitration under a written arbitration agreement, is directed on application of one of the parties to stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.  In determining whether a dispute falls within the substantive scope of an arbitration clause, the court must operate under a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration is not susceptible of an interpretation that covers the asserted dispute."  <u>AT&T Technologies v. Communications Workers of America</u>, 475 U.S. 643, 650 (1986).  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. . . ."  <u>Moses H. Cone Memorial Hosp.</u>, 460 U.S. at 24-25.  As long as a party's claim to arbitration of an issue is "plausible," the issue must be "passed on to the arbitrator."  <u>Sharon Steel Corp. v. Jewell Coal & Coke Co.</u>, 735 F.2d 775, 778 (3d Cir. 1984).

Plaintiffs' complaint asserts that Delta (i) violated HOEPA because it allegedly did not provide plaintiffs with required disclosures in a timely manner, (ii) violated TILA because it allegedly provide plaintiff with inaccurate disclosures of material credit terms, (iii) violated the ECOA because it allegedly failed to provide plaintiffs with a written notice of counteroffer, (iv) violated the UTPCPL and committed common law fraud by allegedly making material misrepresentations and/or committing unfair trade practices in connection with the August 15, 2000 loan.  All of these claims are "referable to arbitration" under the Arbitration Agreements entered into by plaintiffs.  Those Agreements broadly and without qualification encompass "any claim, dispute or controversy ... arising from or relating to the [loans] or the relationships resulting from the [loans], including the validity, enforceability or scope of [the] Agreement, or the [loans]."  The Agreements are sufficiently broad and encompassing to include, without exception, each and every issue raised in this action as plaintiffs' contentions in their complaint are clearly claims, disputes or controversies arising from or relating the loans made by delta to plaintiffs.

## **CONCLUSION**

Under well-settled law, all issues raised in this action are subject to arbitration.

Accordingly, plaintiffs' complaint should be dismissed and their claims should be referred to arbitration.

Respectfully submitted,

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

By: _____
John K. Semler, Jr.
1735 Market Street
Philadelphia, PA  19103-7599
215-864-8121
215-864-9283 (Fax)

Dated:  July 19, 2002

## CERTIFICATE OF SERVICE

I, John K. Semler, Jr., hereby certify that true and correct copies of the foregoing Motion to Dismiss this Action and Compel Arbitration was served on this date by first class mail on the following persons:

>Robert Montgomery, Esquire
>230 South Broad Street, Suite 1302
>Philadelphia, PA  19102


>Sovereign Agency
>1950 Street Road, Suite 317
>Bensalem, PA 19020

_____
John K. Semler, Jr.

Dated:  July 19, 2002